**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DENNIS LUSTER,

    Plaintiff,

vs.                                                      CASE NO.  3:07-cv-533-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____

## ORDER AND OPINION

This matter is before the Court on Plaintiff's complaint (Doc. #1), seeking review of the final decision of the Commissioner of the Social Security Administration (the Commissioner) denying his claim for supplemental security income (SSI) disability payments.[1] Plaintiff filed a legal brief in opposition to the Commissioner's decision (Doc. #12, P's Brief). Defendant filed his brief in support of the decision to deny disability benefits (Doc. #13, D's Brief). Both parties have consented to the exercise of jurisdiction by a magistrate judge, and the case has been referred to the undersigned by an Order of Reference dated April 10, 2008 (Doc. #16). The Commissioner has filed the transcript of the proceedings (hereafter referred to as "Tr." followed by the appropriate page number). The Court has reviewed and given due consideration to the record in its entirety, including

---

[1] The record reflects Plaintiff also filed an application for disability insurance benefits (DIB) on April 30, 2004 (Tr. 71-74) and earlier filed a prior DIB application on August 16, 2000 (Tr. 68-70). The record is unclear as to the disposition of the August 16, 2000 DIB application. The April 30, 2004 DIB application was withdrawn by Plaintiff at the onset of the administrative hearing on August 6, 2006 (Tr. 298-99). The ALJ's decision in this case finds Plaintiff not disabled from April 30, 2004 through the date of the decision and denies Plaintiff SSI disability payments. That decision is before the Court for review.

the parties' arguments presented in their briefs and the materials provided in the transcript of the underlying proceedings. Upon review of the record, the Court found the issues raised by Plaintiff were fully briefed and determined oral argument would not benefit the Court in its making its determinations. Accordingly, the matter has been decided on the written record. For the reasons set out herein, the decision is **AFFIRMED**.

## PROCEDURAL HISTORY

In the instant action, Plaintiff filed an application for supplemental security income disability payments on April 30, 2004 (Tr. 283-85). After being denied initially and upon reconsideration, Plaintiff requested a hearing, which was held on August 26, 2006 in Jacksonville, Florida before Administrative Law Judge (ALJ) William H. Greer (Tr. 296-325). Plaintiff appeared and testified at the hearing, as did vocational expert (VE) Charles Heartsell. Plaintiff was represented by Ms. Jessica Dumas, Esq., during the underlying administrative phase of this case. On September 21, 2006, ALJ Greer issued a hearing decision denying Plaintiff's claim (Tr. 16-26). The Appeals Council (AC) denied Plaintiff's request for review, making the hearing decision the final decision of the Commissioner (Tr. 6-8). Ms. Dumas, who continues to represent Plaintiff, filed the instant action in federal court on June 15, 2007(Doc. #1, complaint).

## SOCIAL SECURITY ACT ELIGIBILITY
## AND THE STANDARD OF REVIEW

Plaintiff is entitled to disability benefits when he is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less

that 12 months.  20 C.F.R. § 416.905.[2]  For purposes of determining whether a claimant is disabled, the law and regulations governing a claim for disability benefits are identical to those governing a claim for supplemental security income benefits.  *Patterson v. Bowen*, 799 F.2d 1455, 1456, n. 1 (11th Cir. 1986).  The Commissioner has established a five-step sequential evaluation process for determining whether Plaintiff is disabled and therefore entitled to benefits.  *See* 20 C.F.R. § 416.920.  Plaintiff bears the burden of persuasion through Step 4, while at Step 5, the burden shifts to the Commissioner.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The scope of this Court's review is generally limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla - i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).  The district court

---

[2]Unless otherwise specified, all references to 20 C.F.R. will be to the 2007 edition.

must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote*, 67 F.3d at 1560.

The Commissioner must apply the correct law and demonstrate that he has done so.  While the Court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions.  *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).  Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the Court has not re-weighed the evidence, but has determined whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the Plaintiff is not disabled.  *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983).

## ANALYSIS

Plaintiff was born May 26, 1953 (Tr. 283).[3]  Thus, at the time of the ALJ's decision Plaintiff was fifty-three (53) years old.  Plaintiff has past relevant work experience as a body shop spray painter, a tour bus driver and an automobile detailer (Tr. 109-16, 320).  Plaintiff is a high school graduate who received special training in automobile body painting after high school (Tr. 299-300).  In his Disability Report-Adult dated August 15, 2000, Plaintiff alleged he was unable to work due to pain in both knees and his back  (Tr. 86).  In an unsigned Disability Report-Adult dated March 15, 2004, Plaintiff indicated that his knees, legs and back limited his ability to work (Tr. 100).

---

[3]Although it is disconcerting to find Plaintiff identified alternatively as a "black male" (e.g., Tr. 247), "a white male" (e.g., Tr. 195), and an African American male (e.g. Tr. 190, 242), by the medical sources who saw him, the Court finds the inconsistency to be harmless to the disability determination.  Plaintiff's race was not associated with any of Plaintiff's claimed impairments.

4

Plaintiff raises three issues on appeal. First, Plaintiff asserts the ALJ committed error by failing to find Plaintiff's obesity a step two severe impairment. Secondly, Plaintiff claims the ALJ failed to properly evaluate and determine Plaintiff's residual functional capacity (RFC). Thirdly, Plaintiff asserts the overall decision to deny disability payments is not based on substantial evidence. Defendant argues the final decision is supported by substantial evidence, the ALJ made a proper step two finding and the Plaintiff failed to show he had a severe impairment due to obesity or incontinence, and substantial evidence supports the ALJ's determination of Plaintiff's RFC. The Court will address each issue in turn.

**Plaintiff's Severe Impairments**

Plaintiff contends that the ALJ's failure to find Plaintiff's "morbid obesity" as a severe impairment warrants remand in this case (P's Brief at 10-12). The Court disagrees.

At Step 2 of the five-step evaluation process, the ALJ is called upon to determine whether a claimant's impairments are severe. By definition, this inquiry is a "threshold" inquiry. In this circuit, an impairment is not severe if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience. *McDaniel v. Bowen*, 800 F. 2d 1026, 1031 (11th Cir. 1986). The claimant/plaintiff has the burden of proving that he or she has severe physical or mental impairment(s). *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

"The severity of a medically ascertained impairment must be measured in terms of its effect upon ability to work and not simply in terms of deviation from purely medical standards of bodily perfection or normalty." *Sellers v. Barnhart*, 246 F.Supp.2d 1201, 1211

(M.D. Ala. 2002) (internal citation omitted).  A diagnosis of a medical condition is not determinative of whether that condition constitutes a severe impairment.  *Id.*  The ALJ is charged with determining the severity of a claimant's impairments.  As noted, it is the effect an impairment has on one's ability to work that determines disability within the meaning of the Social Security Act.  The effects of an impairment are measured by the limitations to the ability to work.  The ALJ must consider a claimant's limitations to the ability to work when assessing the severity of an impairment.  *See* 20 C.F.R. §§ 416.920(c), 416.921 (limitations from an impairment determine whether it is severe).

Here, the ALJ determined Plaintiff's degenerative disc disease of the lumbar spine, degenerative arthritis of both knees, shoulder pain, hypertension and diabetes were severe impairments when considered in combination (Tr. 20).  The ALJ specifically referred to Plaintiff's weight and diagnosis of obesity in his decision to deny benefits (*see* Tr. 20-22).

A review of the record reveals that Plaintiff was assessed with a clinical diagnosis of obesity on December 11, 2004 when examined by consulting physician Dr. Kenneth Kushner (Tr. 195).  Plaintiff has been described as a "pleasant obese male" by treating physician Dr. Eric Stewart  (Tr. 217).  Further, it is noted that Plaintiff was given diet and exercise counseling on numerous occasions, ostensibly for the diabetes as well as the obesity, but there is no indication of prescribed medications or other treatment for obesity (*see, e.g.*, Tr. 190, 191, 193, 224, 226, 230, 240, 245).  It is equally relevant that consulting physician Dr. William Choisser described Plaintiff as "moderately obese" (Tr. 248), not morbidly obese, and that no physician set forth any limitations on Plaintiff's activities due

to obesity.[4]  It is clear to the Court that the ALJ gave adequate consideration to Plaintiff's stated obesity when determining Plaintiff's severe impairments and Plaintiff's residual functional capacity.

The ALJ's decision reflects his finding that Plaintiff had severe impairments and that he then proceeded with the other steps of the sequential evaluation process (Tr. 20-22). 20 C.F.R. § 416.920(a)(4)(ii), (c).  A continued analysis in the sequential step evaluation process can infer failure to articulate a finding at an earlier step was harmless error. *Hutchison v. Bowen*, 787 F.2d 1461 (11th Cir. 1986).  In this case, the ALJ's articulation of the specific severe combination of impairments demonstrates his consideration of Plaintiff's weight issue in the step two finding.  The reader's attention is directed to Social Security Ruling 02-01p, noting the deletion of obesity from the Listing of Impairments but discussing in detail the potential effects obesity may have in causing or contributing to impairments of the musculosketal, respiratory and cardiovascular body systems.  SSR 02-01p, 2000 WL 628049 (S.S.A. Sept. 12, 2002).

Moreover, the Eleventh Circuit has stated, "the ALJ could not have committed any error at step two because he found that [the claimant] had a severe impairment or combination of impairments and moved on to the next step in the evaluation, which is all

---

[4]It is equally true that no physician indicated Plaintiff should limit his activities in any way due to Plaintiff's complaints of fecal incontinence.  The record does not reflect any medical treatment for this claimed impairment, but subsequent to a colonoscopy with benign results, it was recommended Plaintiff start a high fiber diet (Tr. 255).

Treating physician Dr. Stewart, however, apparently did record limitations on Plaintiff's activities due to his shoulder pain. When Plaintiff presented to Dr. Stewart for medication refills and complained of shooting shoulder pain that was worse with upward movement on October 20, 2005, an office notation indicated Plaintiff should do "no heavy lifting or pushing"(Tr. 223).

that is required at step two." *Council v. Barnhart,* 127 Fed. Appx. 473 (Table), No. 04-13128, at 4 (11th Cir. Dec. 28, 2004)(copy attached)*; see also Jamison v. Bowen,* 814 F.2d 585, 588 (11th Cir. 1987) (stating that the finding of any severe impairment is enough to satisfy the requirement of step two).  Here, the ALJ found in Plaintiff's favor at step two.

In determining whether an individual's physical or mental impairments are of sufficient severity to establish disability under the Regulations, the ALJ is required to consider all of the individual's impairments regardless of whether each impairment on its own is found to be severe.  20 C.F.R. § 416.923.  The Eleventh Circuit has held that where "a claimant has alleged a multitude of impairments, a claim for social security benefits based on disability may lie even though none of the impairments, considered individually, is disabling."  *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

In this case, the ALJ discussed in detail Plaintiff's numerous impairments, including Plaintiff's complaints of fecal incontinence (Tr. 21, 23) and obesity diagnosis (Tr. 20), and then proceeded to assess Plaintiff's residual functional capacity and his ability to return to past relevant work under step four.  It is clear from the ALJ's analysis and wording that he was aware of all Plaintiff's impairments and considered them in combination as required under 42 U.S.C. § 423(d)(2)(B).  Although Plaintiff's weight was above normal, he failed to show that his weight interfered with his ability to perform basic work activities.

No error is found with the ALJ's step two determination.

**<u>Residual Functional Capacity Assessment</u>**

The residual functional capacity is an assessment based on all relevant evidence of a claimant's remaining ability to do work despite his/her impairments.  20 C.F.R. § 416.945(a); *Lewis v. Callahan*,125 F.3d 1436, 1440 (11th Cir. 1997).  The focus of this

assessment is on the doctors' evaluations of the claimant's condition and the medical consequences thereof. *Id.* If a claimant can still do the kind of work he has done in the past, then the Regulations require that he be found not disabled. In evaluating a claimant's residual functional capacity, the ALJ is obliged to consider all of the claimant's impairments, including subjective symptoms such as pain.

Plaintiff argues that the ALJ's residual functional capacity determination in this case was deficient in that the ALJ "ignored key pieces of evidence" when making this finding (P's Brief at 13). This argument must fail as the ALJ not only referenced evidence to support the RFC determination on the two pages immediately preceding the RFC assessment, but also included a thorough review of the record evidence in his decision to deny benefits. Plaintiff's contention that the ALJ ignored key parts of the record evidence is simply incorrect.

Plaintiff claims to be "morbidly obese" (P's Brief at 13). As discussed *supra*, the Court finds the ALJ gave proper consideration to Plaintiff's claim of obesity as a severe impairment. Plaintiff reiterates his testimony that his knees hurt constantly and are worse with standing and walking (P's Brief at 13). The ALJ did not ignore Plaintiff's claims of knee pain, but rather found the degenerative arthritis of both knees was a severe impairment (Tr. 20). Plaintiff asserts the "ALJ offered no explanation as to why he disbelieves Plaintiff's statements regarding bilateral knee pain" (P's Brief at 13). Yet, the ALJ did not state he disbelieved Plaintiff's claims of knee pain, the ALJ found that overall, Plaintiff's "allegations regarding his symptoms and limitations [were] not credible to the extent he claims he is precluded from all work activity" (Tr. 23).

Plaintiff appears to challenge the ALJ's credibility determination. Plaintiff refers to

the case of *Kieser v. Barnhart*, 222 F.Supp.2d 1298 (M.D. Fla. 2002), in which the court remanded the case, in part for the ALJ's failure to articulate adequate reasons for discrediting Plaintiff's subjective testimony. *Id.* at 1313-14. In *Kieser*, however, the ALJ misread the record on points critical to his determination of the plaintiff's credibility. *Id.* For example, the ALJ stated there was no evidence Kieser was undergoing any physical therapy and there was evidence that on several occasions Kieser said his pain medication helped. *Id.* at 1314. The court's review of the record revealed the plaintiff did in fact undergo physical therapy, without much relief, and there were several references throughout the record that the pain medication did not provide relief from the pain. *Id.* Such discrepancies do not exist in the case sub judice.

ALJ Greer found Plaintiff's statements concerning the intensity, persistence and limiting effects of his pain were not entirely credible (Tr. 23). More specifically, the ALJ found the record evidence failed to establish an underlying medical condition that could reasonably be expected to produce "*incapacitating limitation,*" but acknowledged Plaintiff did have "some degree of pain" (Tr. 23-24) (emphasis added). The ALJ also correctly noted that despite Plaintiff's allegations of incapacitating pain (of his back, shoulder and knees), no doctor recommended surgical intervention (Tr. 23, *see also* Tr. 160-70, 180-97, 206-277).[5] The ALJ further found reason to discredit Plaintiff's disabling allegations regarding his bowel problems in that the only recommended treatment had been a high

---

[5]During the July 24, 2006 consultative exam with Dr. Choisser, Plaintiff reported to Dr. Choisser that he was scheduled to see a neurosurgeon in the near future.

fiber diet (Tr. 23; *see* n.4, *supra*).[6] Additionally, the ALJ pointed to Plaintiff's testimony that he quit his job as a tour bus driver not because of his impairments, but because he moved from the Panhandle back to Jacksonville (Tr. 24, 301).

When an ALJ decides not to credit a claimant's testimony about subjective conditions, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Holt*, 921 F.2d at 1223. *See also Jones v. Dep't of Health and Human Servs.*, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulating reasons must be based on substantial evidence). A reviewing court will not disturb a clearly articulated finding with substantial supporting evidence in the record. *Foote*, 67 F.3d at 1561-62; *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988). Here, the ALJ reviewed the medical evidence of record, including the opinion evidence and testimony from the administrative hearing, and contrasted it with Plaintiff's complaints of disabling pain (Tr. 20-24). The ALJ clearly articulated the finding that Plaintiff's statements concerning his subjective symptoms were not entirely credible (Tr. 23). As discussed above, substantial evidence supports the credibility finding.[7]

Plaintiff also takes issue with the ALJ's consideration of Dr. Choisser's medical

---

[6]Here, the Court notes that Plaintiff's assertion claiming the ALJ chose to ignore Plaintiff's bowel incontinence (P's Brief at 15) is wholly without merit. The ALJ heard testimony concerning Plaintiff's asserted bowel problems and discussed the medical evidence pertaining to Plaintiff's asserted bowel problems in his decision (Tr. 21, 23)

[7]Further evidence in support of the ALJ's RFC assessment is found in the Physical Residual Functional Capacity Assessment completed by reviewing physician by Dr. Donald Warren Morford in January 2005 (Tr. 198-205). Dr. Morford assessed Plaintiff capable of light exertional work and found Plaintiff's symptoms were consistent with the medical evidence of record and the RFC stated in the report.

opinion of Plaintiff's condition (P's Brief at 14). On July 24, 2006, Dr. William Choisser, M.D., examined Plaintiff at the request of Plaintiff's counsel and completed a Physical Residual Functional Capacity Questionnaire (Tr. 249-53; *see also* Tr. 247-48). Dr. Choisser evaluated Plaintiff as unable able to sit or stand for more than ten minutes at a time and often has to get up and shift positions (Tr. 247, 251). Plaintiff incorrectly asserts the ALJ discounted Dr. Choisser's opinion because Dr. Choisser saw Plaintiff only one time (P's Brief at 14). In actuality, the ALJ gave little weight to the overall opinion of Dr. Choisser that Plaintiff would not be able to sustain work, because he found Dr. Choisser's assessment was inconsistent with the other medical evidence of record (Tr. 24). From its independent review of the record, the Court concurs with the ALJ's determination.

The ALJ found Plaintiff capable of performing a restricted range of light exertional work (*see* Tr. 22). The ALJ went on to spell out the parameters for light work which Plaintiff can perform and added several limitations to that RFC for Plaintiff. Specifically, ALJ Greer determined Plaintiff can lift 20 pounds occasionally and 10 pounds frequently, and can sit eight hours in an eight hour workday, but must move around once every hour. He further assessed Plaintiff can walk/stand approximately six hours in an eight hour workday without interruptions. The ALJ found Plaintiff's limitations included only occasional climbing of stairs, ladders, ropes or scaffolds; occasional bending, crouching and/or kneeling; occasional or never stooping;[8] and, never being around moving and hazardous machinery.

---

[8] The Court notes there is inherent conflict in two of ALJ Greer's statements pertaining to Plaintiff's work restrictions. In one sentence ALJ Greer indicates Plaintiff can occasionally stoop, while in the next sentence he limits Plaintiff to never stooping (Tr. 22). However, as discussed more fully *infra*, given the facts of this case, the contradictory findings are harmless to the decision.

12

ALJ Greer also determined Plaintiff could not do overhead reaching with his left hand.

This residual functional capacity clearly takes into account all of Plaintiff's limitations. Plaintiff's argument that the RFC does not comport with Social Security Ruling 96-8p (P's Brief at 12) is simply without merit. SSR 96-8p provides guidelines in assessing a claimant's residual functional capacity. *See* SSR 96-8p, 1996 WL 374184 (S.S.A. Jul. 2, 1996). In reviewing those guidelines, the Court finds no error in the ALJ's RFC assessment.

In sum, the Court finds the residual functional capacity assessed by ALJ Greer is supported by substantial evidence.

**Review of the Record as a Whole**

Plaintiff's alleges that the ALJ's decision included numerous other errors that warrant additional adjudicative action (P's Brief at 14). Overall, Plaintiff states he believes the Commissioner's decision is not based on substantial evidence as required by 42 U.S.C. § 405(g) (P's Brief at 1).

The duty of this Court is to determine whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the factual findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). In fulfilling this duty, the Court is charged to scrutinize the entire record for the reasonableness of the Commissioner's decision. *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992). Review of the record as a whole reveals that the ALJ performed a detailed and thorough examination of the medical evidence of record, as well as the testimonial and anecdotal evidence. (*See* Tr. 16-26, ALJ decision dated September 21, 2006.) The ALJ's references to the record are accurate and reflect consideration of the

evidence contained therein.

As to Plaintiff's RFC, the ALJ's comprehensive review of the medical record found that Plaintiff retained the ability to perform a range of light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds, and may require a good deal of walking or standing. 20 C.F.R. § 416.967(b).

Plaintiff asserts the ALJ "failed to consider the side effects of Plaintiff's medications upon his ability to perform work activity" (P's Brief at 14-15). As noted *supra*, the ALJ made a proper credibility finding that Plaintiff's statements concerning his symptoms were not entirely credible (Tr. 23). The record does not reveal Plaintiff complained to his treating or examining physicians about side effects from his medications. Thus, the only record evidence of medication side effects comes from Plaintiff's testimony.

At the administrative hearing, Plaintiff's attorney asked, "And do the medications make you feel spacey or fuzzy headed?" (Tr. 308.) Plaintiff responded, "yes." (Tr. 308.) Counsel then asked, "Do they make you feel sleepy?" (Tr. 308.) Plaintiff responded, "yes." (Tr. 308.) Plaintiff's counsel asked, "How do you feel like your concentration is, your ability to stay focused?" (Tr. 314.) Plaintiff responded, "It's, it's not 100% right now." (Tr. 314.) The attorney asked, "Are you forgetful?" (Tr. 315.) Plaintiff answered, "yes" (Tr. 315).

Taking into consideration the dearth of medical evidence on this topic and the proper credibility finding, Plaintiff's argument on this matter is without merit. Moreover, the ALJ specifically referred to Plaintiff's testimony concerning Plaintiff's claims of problems with memory loss and claims his medications caused him to "become fuzzy-headed and sleepy" (Tr. 23). Contrary to Plaintiff's assertions, the ALJ clearly gave consideration to this claimed impairment and found Plaintiff's statements not entirely credible.

Upon finding a claimant's RFC, the ALJ is charged with determining whether the claimant can return to his or her past relevant work. *See* 20 C.F.R. §§ 416.920(f), 416.960(b). "The claimant bears the initial burden of proving that [he] is unable to perform [his] previous work." *Barnes v. Sullivan*, 932 F.2d 1356, 1359 (11th Cir. 1991). In determining whether the Plaintiff has carried his burden at step four, there are four factors to consider: (1) objective medical facts or clinical findings; (2) the diagnoses of examining physicians; (3) evidence of pain; and (4) the Plaintiff's age, education and previous work experience. *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986). "The regulations require that the claimant not be able to perform his past *kind* of work, not that he merely be unable to perform a specific job he held in the past." *Jackson v. Bowen*, 801 F.2d 1291, 1293 (11th Cir. 1986) citing 20 C.F.R. § 404.1520(e) (emphasis in original).

In this instance, Plaintiff testified to his past relevant work and the work is identified in the *Dictionary of Occupational Titles* (4th ed. 1991),[9] which constitutes substantial evidence for the listed occupations. Charles Heartsell, a vocational expert, heard Plaintiff's testimony and classified each of Plaintiff's past relevant jobs as requiring medium exertion. Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. 20 C.F.R. § 416.967(c). Thereafter, Heartsell testified that a person with Plaintiff's physical and vocational characteristics could not perform Plaintiff's past relevant work, but could perform other work available within the regional or national economy (Tr. 320-21). The vocational expert identified the jobs of

---

[9]"DOT" is an acronym for the United States Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991).

ticket seller, route aide and coupon redemption clerk as positions in which a person such as Plaintiff would be employable (Tr. 320-21). These positions are set forth in the DOT and each requires light exertion in order to perform.[10]

Plaintiff challenges the inconsistency in the ALJ's determination that on the one hand Plaintiff was capable of occasional stooping, but on the other hand should never stoop (Tr. 22; P's Brief at 15). Although under some circumstances the Court might order a remand to clarify inconsistent findings, in this case the fact is that regardless of whether Plaintiff was determined to be capable of occasional stooping or unable to stoop at all, the result is the same. Here, the Court finds the inconsistency is harmless error because the ALJ met the Commissioner's burden at step five. At step five, the ALJ is tasked with determining whether the claimant is capable of performing other work considering the claimant's RFC, age, education and work experience. 20 C.F.R. § 416.920(g). The ALJ met this burden with the assistance of vocational expert testimony. The other work identified by the VE, which a person with Plaintiff's characteristics could perform, encompasses positions which do not require stooping according to the DOT. *See* n. 10, *infra*. Thus, the ALJ met the step five burden, irrespective of the finding on Plaintiff's ability to stoop.

The Court is not required to remand for clarification in search of a perfect decision, where the remand would be an empty exercise. *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) (the court found no principle of administrative law or common sense requires

---

[10] *See* I United States Dep't of Labor, *Dictionary of Occupational Titles* §§ 211.467-030 (Ticket Seller), 239.687-010 (Route Aide), 290.477-010 (Coupon Redemption Clerk); II United States Dep't of Labor, *Dictionary of Occupational Titles,* Appx. C (4th ed. 1991).

16

remand in quest of a perfect opinion unless there is reason to believe the remand might lead to a different result); *Ward v. Commissioner of Social Security*, 211 F.3d 652, 656 (1st Cir. 2000) (the court held that while an error of law by the ALJ may necessitate a remand, a remand is not essential if it will amount to no more than an empty exercise).

The ALJ ultimately concluded that Plaintiff was not disabled under the Social Security Act (Tr. 25-26). After reviewing the decision of the ALJ and the record as a whole, the Court finds a reasonable person could accept as adequate the evidence put forth to support the conclusion of the ALJ that Plaintiff is not disabled. *See Foote*, 67 F.3d at 1560.

## CONCLUSION

Thus, upon review of the ALJ's decision and the underlying record, the Court finds substantial evidence supports the ALJ's factual findings. Further, the ALJ adhered to the Regulations in making his step two determination and applied the correct law in determining Plaintiff was not disabled under the Social Security Act. For the reasons stated herein, the decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

The Clerk of the Court is directed to enter judgment consistent with this ruling and, thereafter, to close the file. Each party shall bear its own costs.

**DONE AND ORDERED** at Jacksonville, Florida this 19th day of September, 2008.

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to counsel of record